UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRADLEY D. DEARBORN,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Case No. 18-cv-1465<br><br>Criminal Case No. 12-cr-10017 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (D. 1[1]), Motion for Leave to Conduct Discovery (D. 3), and Motion for Summary Judgment (D. 11). For the reasons stated below, Petitioner's Motions are DENIED.

## BACKGROUND

In 2011, the Macomb Police Department and McDonough County Sheriff's Department began investigating suspected sales of illegal narcotics by Petitioner at an apartment on West Calhoun Street in Macomb, Illinois. On November 17, 2011, and December 13, 2011, officers carried out two controlled buys from Petitioner at the apartment. On December 19, 2011, officers executed a search warrant (Cr. D. 18-1 at 4[2]) upon Petitioner and the property, seizing sixty grams of crack cocaine and $360 in marked bills. During the search, officers apprehended Petitioner, who admitted to being involved in criminal narcotics activity. (Cr. D. 1 at 5). On January 3, 2012, a warrant for Petitioner's arrest was executed. (Cr. D. 9).

---

[1] Citations to the docket in this case are abbreviated "D. __."
[2] Citations to the underlying criminal case docket, 12-cr-10017, are abbreviated "Cr. D. __."

**PROCEDURAL HISTORY**

On January 19, 2012, Petitioner was indicted on four counts: conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A), and two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(b)(1)(C). (D. 4). Petitioner entered a plea of not guilty and was appointed counsel. Prior to trial, Petitioner moved to quash the search warrant, arguing that the confidential informants were not sufficiently reliable to establish probable cause. (Cr. D. 18 at 3-4). Petitioner also requested an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to determine whether the affiant made intentional or recklessly misleading omissions that would jeopardize the probable cause finding. (Cr. D. 18 at 4).

On September 23, 2013, the Court denied Petitioner's motion to suppress and his request for a *Franks* hearing, finding that the controlled buys described in the complaint for the search warrant adequately supported the informants' reliability. (Cr. D. 67 at 22-23). After the motion to suppress was denied, Petitioner changed his plea to guilty but reserved his right to appeal the denial of his motion. (Cr. D. 41). The prosecution dismissed the counts for conspiracy and possession with intent to distribute, and the Court sentenced Petitioner to 172 months in prison followed by six years of supervised release. (Cr. D. 49).

After his conviction, Petitioner urged his appellate attorney to appeal the denial of his motion to suppress. After researching the issue and discussing it with Petitioner, counsel advised him that it was her professional duty not to bring a claim that she and the Court would consider frivolous. (D. 9-3, 9-4, 9-5). Instead, she challenged the conditions of Petitioner's supervised release in light of the Seventh Circuit's findings in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). The prosecution agreed with her challenge, and the Court of Appeals granted the

remand for resentencing, but Petitioner did not appeal any other issues. *United States v. Dearborn*, No. 14-3032, 2015 U.S. App. LEXIS 23316 (7th Cir. Feb. 24, 2015).

Petitioner then appealed his resentencing, insisting that the Court should have granted his prior request for a *Franks* hearing. (Cr. D. 143-1). The Seventh Circuit rejected this argument, ruling that: (i) Petitioner failed to request a *Franks* hearing during resentencing; (ii) Petitioner waived the issue by not raising it during his first appeal; (iii) Petitioner's appeal challenged his guilt, not his sentencing; and (iv) Petitioner's request was outside the scope of the district court's mandate at resentencing. (Cr. D. 143-1 at 5). The Court of Appeals further ruled that even if Petitioner had requested a *Franks* hearing, he failed to demonstrate that such a hearing was necessary. (Cr. D. 143-1 at 6).

On December 31, 2018, Petitioner filed the instant Motion under 28 U.S.C. § 2255 (D. 1), alleging four grounds of ineffective assistance of counsel, and a Motion for Leave to Conduct Discovery (D. 3). On March 7, 2019, the Government filed its Response (D. 9), and on March 28, 2019, Petitioner filed his Reply (D. 10). Simultaneously, Petitioner filed a Motion for Summary Judgment (D. 11) and an affidavit in support of his § 2255 Motion (D. 12). On April 17, 2019, the Government filed its Response to Petitioner's Motions for Discovery and for Summary Judgment (D. 13), and on May 10, 2019, Petitioner filed his Reply (D. 14). This Order follows.

## LEGAL STANDARD

**Motion to Vacate, Set Aside, or Correct Sentence**

A prisoner may file a § 2255 motion if his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a) (2008). Ordinarily, a movant may not raise issues he waived on direct appeal unless there has been a change of circumstances in fact or law. *Olmstead v. United States*, 55 F.3d 316, 319-20 (7th Cir. 1995). Ineffective assistance

claims are not subject to this procedural default. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).

A motion under 28 U.S.C. § 2255 "is confined to correcting errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (internal citation omitted), *abrogated on other grounds by Massaro*, 538 U.S. 500. As such, it cannot act as a substitute for direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). It is an "extraordinary remedy," *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007), available "only in extraordinary situations," *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). In evaluating a § 2255 motion, "[t]he district court must review the record and draw all reasonable inferences in favor of the government." *Messinger v. United States*, 872 F.2d 217, 219 (7th Cir. 1989). When an order is issued on the record, an evidentiary hearing is not required. *Hutchings v. United States*, 618 F.3d 693, 699-700 (7th Cir. 2010).

**Ineffective Assistance of Counsel**

To demonstrate ineffective assistance of counsel, Petitioner must show (i) deficient performance by counsel, and (ii) prejudice because of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Deficient performance is representation that "[falls] below an objective standard of reasonableness." *Id*. at 688. There is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. *Id.* at 694. Prejudice occurs when there is a reasonable probability that, but for counsel's deficient conduct, the outcome of the proceeding would have been different. *Id.* at 695. Together, the two requirements under *Strickland* pose a high bar and a heavy burden for the petitioner to overcome, made only higher by the extraordinary nature of § 2255 remedies. *Harrington v. Richter*,

562 U.S. 86, 105 (2011). Failure to show either deficient performance or prejudice on a claim of ineffective assistance of counsel will result in its denial. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). Where expedient, this Court may dismiss a claim based solely on one prong of the test. *Strickland*, 466 U.S. at 697.

**DISCUSSION**

**Petitioner's Motion to Vacate, Correct, or Set Aside Sentence**

Petitioner asserts four grounds for relief under the umbrella of ineffective assistance of counsel: (i) failure to present evidence at his suppression hearing; (ii) failure to challenge his career offender status; (iii) failure to appeal the denial of his motion to suppress; and (iv) failure to challenge his sentencing enhancement. (D. 2).

**I.  Failure to Present Evidence at Suppression Hearing**

Petitioner alleges that counsel failed to investigate and produce at least five pieces of material evidence at his suppression hearing. (D. 2 at 7-14). For his claim to proceed, Petitioner must demonstrate a reasonable probability that introducing the evidence would have influenced the outcome of the suppression proceedings. *Strickland*, 466 U.S. at 690. Here, three pieces of evidence Petitioner contends were improperly omitted were statements given at his sentencing hearing — almost a year after his suppression hearing. (Cr. D. 40, 69, 70). The fourth piece of evidence was a state court ruling on the credibility of the investigating officer who petitioned the state circuit court for the December 19, 2011, search warrant. The state court ruling involved an unrelated matter and was not issued until December 4, 2015. (D. 2-1 at 20). None of the four pieces of evidence existed at the time of hearing on Petitioner's motion to suppress. The Government argues, and the Court agrees, that "[b]arring precognitive ability, [counsel] would not

5

have been able to challenge" this non-existent evidence. (D. 9 at 13). The Court finds that counsel was not ineffective for failing to produce evidence that did not yet exist.

Petitioner next argues that counsel should have challenged his arrest warrant because the confidential informants to whom he sold crack as part of the controlled buys were on parole. (D. 2 at 11). The Court addressed this argument in its previous ruling on Petitioner's motion to suppress, finding that a parolee is the type of person law enforcement "typically deal[s] with as a [confidential source]." (D. 67 at 22). The Court found them credible because both made controlled buys. *Id*. at 23. In short, the issue of the informants' parole status was irrelevant because the Court found probable cause for Petitioner's arrest on other suitable grounds. As such, there is not a reasonable probability that challenging the informants' parole status would have altered the outcome of the proceeding.

Even if there were prejudice, the record suggests that counsel advocated for Petitioner at a level above which is objectively reasonable. For example, counsel attempted to contact the informants' parole agent. (D. 9-2 at 3). Counsel also argued that payments to the informants, their prior drug convictions, their preferential treatment for cooperation, the poor quality of the audio recording of the controlled buy, and the suggestibility of the photo lineup were omissions that justified suppressing evidence. (Cr. D. 18 at 5). Finally, counsel protested that the prosecution had not provided the state court with the informants' criminal history when it applied for the search warrant. (*Id*. at 2). The Court finds that counsel's performance did not fall below an objective standard of reasonableness.

## II. Failure to Challenge Career Offender Designation

Petitioner next alleges ineffective assistance of counsel for failure to challenge his prior offenses at sentencing and resentencing. (D. 1 at 7-8). For his claim to succeed, Petitioner must

6

demonstrate a reasonable probability that if counsel had challenged his status as a career offender, the result of his sentencing proceedings would have been different. Counsel's judgment is made more reasonable to the extent that it is "substantially influenced by the defendant's own statements or actions." *United States v. Olson*, 846 F.2d 1103, 1109 (7th Cir. 1988). Prior to sentencing, the Court repeatedly made clear to Petitioner that his status as a career offender was not being challenged, and Petitioner, without objection, acknowledged multiple times that he understood and agreed not to challenge the designation. (Cr. D. 70 at 135-142). Petitioner does not raise any evidence that would warrant raising such an objection now. (Cr. D. 68 at 3). The two Cook County felonies cited in the Presentence Investigation Report – No. 95C66053501 (attempted first degree murder plus aggravated discharge of a firearm) and No. 05C66124501 (manufacture or delivery of a controlled substance) – are not contradicted. (Cr. D. 38 at 7-10). Without any evidence to challenge his prior convictions, Petitioner has not shown a reasonable probability that challenging his prior offenses would have affected the outcome of the hearing. His statements and actions at trial affirming his criminal history support counsel's decision not to challenge these offenses. *See Olson,* 846 F.2d 1103. Accordingly, the Court finds Petitioner has failed to prove that counsel's performance was either unreasonable or prejudicial.

Similarly, Petitioner argues that if counsel had challenged an offense in the Revised Presentence Investigation Report at his resentencing, his sentence would not have been enhanced pursuant to § 4B1.1 of the United States Sentencing Guidelines. (D. 2 at 27). The Court had already found Petitioner to be a career offender at his initial sentencing proceedings, where, as noted, Petitioner repeatedly acknowledged his guilt for prior qualifying offenses. (Cr. D. 70 at 96). Before resentencing, the Court advised Petitioner that objections resolved at the initial sentencing hearing—such as those regarding his career offender designation—would not be

7

revisited. (Cr. D. 136 at 8). On three separate occasions during a status hearing held before resentencing, the Court invited Petitioner to raise new objections if he believed new evidence would warrant it, and each time Petitioner chose not to do so. *Id*. at 11, 12, 13. As counsel puts it, choosing not to challenge the prior convictions without new evidence "was simply following the Court's ruling" that issues already resolved at sentencing would not be relitigated during resentencing. (D. 9-1 at 2). Petitioner's own statements affirming his criminal history multiple times in open court again support counsel's decision not to challenge his career offender designation. The Court finds that renewing a challenge to Petitioner's career offender designation at resentencing would not have affected the outcome of the proceedings, and counsel's refraining from doing so does not fall below an objective standard of reasonableness.

### III. Failure to Appeal Denial of Motion to Suppress

Petitioner requested that his attorney appeal the denial of his motion to suppress. She did not, presumptively waiving that issue on appeal. Petitioner alleges that counsel's choice to waive his right to appeal is grounds for ineffective assistance of counsel. (D. 1 at 5). To succeed on this claim, Petitioner must overcome "the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (internal citation omitted). The Court finds that counsel undertook diligent measures to assess the merits of the proposed appeal: She discussed it with Petitioner's trial attorney, researched the relevant law, and discussed it again with another Criminal Justice Act (CJA) panel attorney. Ultimately, she reasoned that two controlled buys, officer observations, photo identification, and an audio recording of a controlled buy were more than enough to support the circuit court's finding of probable cause. She informed Petitioner that his challenge was without merit and cited a duty not to raise frivolous issues on appeal. (D. 9-3, 9-4, 9-5). Counsel also pointed out that even if

8

Petitioner won the motion to suppress, he could lose his plea deal on remand and there would be substantial evidence to convict him at trial. (D. 9-4, 9-5 at 2). The Court also finds that counsel's decision not to appeal the denial of the motion to suppress was reasonable in light of the unlikelihood of success on the merits and the potentially disastrous results for her client on remand. Her choice was part of a valid legal strategy well within the ambit of an objective standard of reasonableness. There is no apparent probability that appealing the motion to suppress would have altered the outcome of the proceedings in Petitioner's favor.

## IV.     Failure to Cite Joint Sentencing Provisions at Resentencing

Petitioner also alleges ineffective assistance of counsel for failure to invoke Amendment 790 to §1B1.3(a)(1)(B) of the United States Sentencing Guidelines. (D. 2 at 28). Amendment 790 made certain revisions to the sentencing guidelines applicable "to clarify the use of relevant conduct in offenses involving multiple participants." U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a)(1)(B) (2018). Amendment 790 became effective in 2015, after Petitioner's initial sentencing hearing in 2014. Because it would not have been possible to raise the joint conduct challenge at his initial sentencing, failing to do so did not waive the right to raise it at resentencing. The Court found Petitioner individually responsible for transporting 315 grams of cocaine from Chicago to Macomb. (Cr. D. 144 at 41). Therefore, a subsection of the U.S. Sentencing Guidelines that deals with joint criminal activity is irrelevant. The crimes of conviction involve Petitioner's conduct alone, not joint conduct. The Court finds that counsel's performance was not unreasonable in failing to press an issue of law which counsel knew had no relevance to his client's case. (D. 9-1 at 2).

**Petitioner's Motion for Leave to Conduct Discovery**

Rules 6(a) and 6(b) of the Rules Governing Section 2255 Proceedings, require leave of the court to conduct discovery. Under the Rules, the moving party "must provide reasons" for discovery, and the judge must find "good cause." Good cause cannot exist where the facts alleged by the moving party do not provide a basis for relief. *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990).

In his Motion for Leave to Conduct Discovery, Petitioner requests documents authorizing the informant to conduct a controlled buy. (D. 3). Petitioner argues that probable cause was lacking from the search warrant because the confidential informants did not have permission from Probation to conduct the controlled buys. (D. 2 at 10-12, 22). The Court, however, ruled that the controlled buys, and other indicia of reliability, were enough to support the probable cause finding independent of the parole status of the informants. *See supra*, pp. 5-7. The facts alleged by Petitioner, even if proven through discovery, provide no basis for relief. The Court therefore finds no good cause for discovery on the issue of permission from Probation to carry out a buy.

Petitioner also requests a copy of the indictment in his criminal case. (D. 3.) Petitioner had access to all pleadings and documents during the pendency of his case. If Petitioner wants a copy of the indictment now, he may seek it from former defense counsel. Petitioner fails to state why the Government should be compelled to produce a document that is equally within his power to obtain. The instant Motion is DENIED.

**Petitioner's Motion for Summary Judgment**

Responses to Petitioner's Motion for Leave to Conduct Discovery were due on January 14, 2019. (D. 3). The Government did not file its response until April 17, 2019, over three months after the deadline. (D. 13). The Federal Rules of Civil Procedure may apply to § 2255 motions

through Rule 12 of the Rules Governing Section 2255 Proceedings. Petitioner, citing Rules 8(b)(6) and 56(c) of the Federal Rules of Civil Procedure, now moves for summary judgment to enforce his discovery request. Petitioner's Motion for Leave to Conduct Discovery has already been denied for lack of good cause. There is no legal claim for which the Court can grant summary judgment under 56(c). Petitioner also contends that under Rule 8(b)(6), the Government's failure to file a timely reply means it has agreed to provide the requested documents. (D. 11 at 2). To "admit" for the purposes of Rule 8, however, means only to stipulate that an allegation made by the pleading party is accurate. It does not mean that the Government agrees to comply with the discovery motion. *See* Fed. R. Civ. P. 8(b). Accordingly, Petitioner's Motion for Summary Judgment is DENIED.

**Denial of Certificate of Appealability**

Under Rule 11(a) of the Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Petitioner is only entitled to a certificate of appealability if he can make a substantial showing of the denial of a constitutional right. *Evans v. Circuit Court of Cook County*, 569 F.3d 665, 667 (7th Cir. 2009). To meet this standard, Petitioner must demonstrate that a reasonable jurist would find the Court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner has not made a substantial showing that reasonable jurists would differ in their assessment of the merits of his claim. His claims of ineffective assistance of counsel fail to satisfy the deficient performance prong or the prejudice prong of the *Strickland* test. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

## CONCLUSION

None of the arguments in Petitioner's § 2255 motion pass the *Strickland* test. Counsels' performance at each stage of the litigation fell comfortably within "the wide range of reasonable professional assistance" required by law. Trial counsel made appropriate investigations to challenge the search warrant based on the information available to him at that time. Counsel presented several reasonable arguments to discredit the informants in his motion to suppress. Petitioner himself conceded that his criminal history as presented in the Presentence Investigation Report was accurate, and counsel had no other grounds to challenge the prior convictions.

On appeal, Petitioner did not challenge the denial of the motion to suppress. Appellate counsel made a reasonable professional judgment that doing so might have exposed Petitioner to a more severe sentence. Because Petitioner brought no new evidence or argumentation to light that would warrant further challenges to his criminal history, counsel's decision at resentencing to limit his arguments to other sentencing factors was reasonable.

For the reasons stated herein, Petitioner's [1] Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, [3] Motion for Leave to Conduct Discovery, and [11] Motion for Summary Judgment are DENIED. The Court declines to issue a certificate of appealability. This matter is now TERMINATED.


Entered on July 17, 2019. /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge